UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHIELA S. NEUZERLING, and
MICHAEL NEUZERLING,

                Plaintiffs,

        v.                                      Case No. 18-CV-1539

COSTCO WHOLESALE CORPORATION,

                Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### 1. Background

On August 24, 2015, Shiela S. Neuzerling was shopping with her husband, Michael Neuzerling, at the Costco in Pewaukee, Wisconsin. (ECF No. 47, ¶¶ 1, 5.) Sheila went to the women's restroom, which is located at the end of a hallway that includes a family restroom, a men's restroom, an employee timeclock, a drinking fountain, an electrical closet, and an office. (ECF No. 47, ¶ 8.) After Sheila left the restroom and was walking down the hallway she slipped and fell. (ECF No. 47, ¶ 14.) There was some water on the floor in the area where Sheila fell. (ECF Nos. 47, ¶ 38; 53, ¶ 6.)

The Neuzerlings filed suit against Costco, alleging negligence, violation of Wisconsin's safe place statute, and loss of society, companionship, and consortium. (ECF No. 1-1.) Costco removed the action to this court (ECF No. 1) and all parties consented to have a magistrate judge preside (ECF Nos. 32, 33, 36, 37). Costco has moved for summary judgment, and that motion is ready for resolution. (ECF No. 42.)

2. **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016).

It is undisputed that Wisconsin law applies in this diversity action. *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008).

### 3. Analysis

#### 3.1. Wisconsin's Safe Place Statute

Wisconsin's safe place statute does not create a distinct cause of action but "instead establishes a duty greater than that of ordinary care imposed at common law." *Barry v. Emplrs. Mut. Cas. Co.*, 2001 WI 101, ¶18, 245 Wis. 2d 560, 630 N.W.2d 517; *see also Hofflander v. St. Catherine's Hosp., Inc.*, 2003 WI 77, ¶96, 262 Wis. 2d 539, 664 N.W.2d 545. Under Wis. Stat. § 101.11 an employer is required to "furnish and use safety devices and safeguards, and … adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and … do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."

There is no dispute that Costco was an "employer" under the statute, *see Gennrich v. Zurich Am. Ins. Co.*, 2010 WI App 117, ¶11, 329 Wis. 2d 91, 789 N.W.2d 106, or that the Neuzerlings were "frequenters" of Costco's premises. Thus, Costco was required to inspect its premises to make sure they were safe for "frequenters" such as the Neuzerlings. *See Wis. Bridge & Iron Co. v. Indus. Comm'n*, 8 Wis. 2d 612, 618, 99 N.W.2d 817, 821 (1959). However, "'safe' is a relative term." *Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 2004 WI 98, ¶10, 274 Wis. 2d 162, 682 N.W.2d 857. The obligation to inspect premises to make sure they are safe does not require a property be free of any hazards. *Id.*

"Just because a place could be made more safe, it does not necessarily follow that an employer or owner has breached the duty of care established by Wis. Stat. § 101.11(1)." *Megal*, 2004 WI 98, ¶10. Moreover, the safe place statute "does not require an employer or an owner of a public building to be insurers of frequenters of the premises." *Szalacinski v. Campbell*, 2008 WI App 150, ¶27, 314 Wis. 2d 286, 760 N.W.2d 420 (quoting *Megal*, 2004 WI 98, ¶9). Thus, "[t]he 'mere happening of an accident does not automatically establish that a place is not safe within the meaning of the safe place statute or that someone was negligent under the common law.' We do not subscribe to 'post hoc, propter hoc.'" *Moulas v. PBC Prods.*, 213 Wis. 2d 406, 417, 570 N.W.2d 739, 743 (Ct. App. 1997) (quoting *McGuire v. Stein's Gift & Garden Ctr., Inc.*, 178 Wis. 2d 379, 397-98, 504 N.W.2d 385, 392-93 (Ct. App. 1993)).

Rather, "[i]n order for an employer or owner to be subject to the standard of care established by Wis. Stat. § 101.11(1) for any unsafe condition of the premises, the employer or owner must have notice that an unsafe condition exists." *Megal*, 2004 WI 98, ¶11. Notice may be either actual or constructive. *Id*. An employer is said to have "constructive notice of a defect or unsafe condition when that defect or condition has existed a long enough time for a reasonably vigilant owner to discover and repair it." *Id.* at ¶12

"Ordinarily, constructive notice requires evidence as to the length of time that the condition existed." *Megal*, 2004 WI 98, ¶12. This does not require a plaintiff to identify

specifically when the hazard appeared but merely that the hazard existed long enough for a reasonable property owner to have addressed it. *Correa v. Woodman's Food Mkt.*, 2020 WI 43, ¶18, 391 Wis. 2d 651, 943 N.W.2d 535. "The length of time required for the existence of a defect or unsafe condition that is sufficient to constitute constructive notice depends on the surrounding facts and circumstances, including the nature of the business and the nature of the defect." *Megal*, 2004 WI 98, ¶13.

Costco argues that Sheila's claim fails because she cannot prove that Costco had actual or constructive notice of the water on the floor prior to her fall. (ECF No. 43 at 5.) Sheila concedes that Costco did not have actual notice of the water on the floor (ECF No. 53, ¶ 7) but argues that a reasonable jury could find that Costco had constructive notice of the water on the floor.

Rose Sorensen, a member of Costco's Member and Security Services team, was responsible for performing hourly walk-throughs of the store to check for hazards, including water on the floor. (ECF No. 53, ¶¶ 2-3.) The last part of the store that Sorensen inspected every hour was the hallway where Sheila fell. (ECF Nos. 47, ¶ 34; 53, ¶ 3.) Sorensen would complete her walk-throughs by entering the office off that hallway and having a manager sign paperwork confirming that she completed the hourly walk-through. (ECF No. 53, ¶ 3.) Sorensen testified that she completed a walk-through at 3:45 PM, which was fifteen minutes before Sheila fell. (ECF No. 47, ¶ 32.) Sorensen did not see any water on the floor in the hallway. (ECF No. 47, ¶ 35.)

The Neuzerlings "dispute" this testimony, as they do many of Costco's other proposed findings of fact, on the basis that "whether her testimony is true is an issue of credibility subject to jury determination." (ECF No. 47, ¶ 32.) However, the Neuzerlings offer no evidence suggesting that Sorensen is being untruthful. A non-movant's hope that a jury might inexplicably reject uncontradicted testimony is not a basis for denying summary judgment. Thus, the court accepts as undisputed every proposed finding of fact to which the Neuzerlings' only basis for disputing the fact is that a jury might reject the uncontroverted evidence. (*See* ECF No. 47, ¶¶ 18, 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 39.)

Costco points to Sorensen's hourly inspection as evidence that the water had been on the floor for, at most, fifteen minutes, and that it was doing all that was reasonably required to ensure that its store was safe. Sheila argues that Sorensen's hourly inspections is actually evidence that Costco had constructive notice of the water.

Sheila points to *Rudzinski v. Warner Theatres, Inc.*, 16 Wis. 2d 241, 114 N.W.2d 466 (1962), a case in which the plaintiff slipped on beer in the lobby of a theater. Although there was no evidence as to how long the beer had been on the floor, the court concluded that the jury could reasonably conclude that the theater had constructive notice of the spill because an usher had been seated with a view of where the plaintiff fell. *Id.* at 249, 114 N.W.2d at 470. Sheila argues:

> Just like the facts in *Rudzinski*, however, the length of time that the water was presented is immaterial because the water was in the plain view of the

>Costco employees who walked in the hallway or in and out of the office, including Rose Sorensen, who allegedly did a safety walk through the area shortly before Ms. Neuzerling's fall.

(ECF No. 48 at 10.)

The unusual fact in *Rudzinski* that allowed for departure from the rule that constructive notice requires evidence of the length of time the condition existed was that the spot where the plaintiff fell was within the constant view of an usher. Thus, even if the beer had been on the floor for just a few moments, the usher was in position to have noticed it.

Although Costco employees may have frequently passed through the hallway where Sheila fell, there is no evidence that they were there *constantly*, as was the usher in *Rudzinski*. Sheila has not offered any evidence that any Costco employee had been in the hallway in the fifteen-minute interval between Sorenson's inspection and the time she fell.

This fact also distinguishes *Hendrix v. Secura Ins.*, 2020 WI App 10, 390 Wis. 2d 833, 939 N.W.2d 876, 2020 Wisc. App. LEXIS 45, an unpublished case relied upon by Sheila, in which the defendant moved for summary judgment, arguing that the plaintiffs had not provided any evidence as to the length of time the hazardous condition lasted. *Id.*, ¶ 20. In *Hendrix*, the hazardous condition was "three to four inches of compacted snow in the parking lot" that had accumulated over two days. *Id.*, ¶ 21. In affirming the circuit court's decision denying the defendant's summary judgment

motion, the court of appeals noted that it was reasonable to infer that the defendant had failed to inspect the parking lot and follow its snow removal procedures for at least an entire day. *Id.*, ¶ 22. Unlike three to four inches of compacted snow in a parking lot that had accumulated over a span of two days, water near a public restroom and drinking fountain may appear at any time and in just seconds. In other words, drops of water can appear in less time than a property owner could be reasonably expected to inspect the location.

Sheila also points to *Strack v. Great Atl. & Pac. Tea Co.*, 35 Wis. 2d 51, 150 N.W.2d 361 (1967), where a customer slipped on a prune in the produce aisle in a grocery store. The plaintiff did not have any evidence of how long the prune had been on the floor. However, the Wisconsin Supreme Court declined to set aside the jury verdict in the plaintiff's favor. The court said,

> in circumstances where there is a reasonable probability that an unsafe condition will occur because of the nature of the business and the manner in which it is conducted, then constructive knowledge of the existence of such an unsafe condition may be charged to the operator and such constructive notice does not depend upon proof of an extended period of time within which a shop owner might have received knowledge of the condition in fact.

*Id.* at 57-58, 150 N.W.2d at 364. Thus,

> when an unsafe condition, although temporary or transitory, arises out of the manner of doing business by the occupant of the premises or may be reasonably expected to occur from his method of operation, a short period of time and possibly no appreciable period of time under some circumstances need exist to constitute constructive notice.

*Steinhorst v. H. C. Prange Co.*, 48 Wis. 2d 679, 683-84, 180 N.W.2d 525, 527 (1970) (holding that the store's method of displaying sample bottles of shaving soap at a cosmetics counter, knowledge that children played with the samples, and lack of any effort to inspect the floor, created the unsafe condition when plaintiff slipped on shaving soap).

In *Strack*, the court concluded that the jury could reasonably find that the store's method of displaying prunes—stacked on a table in an aisle where customers were expected to handle them—created a reasonable probability that an unsafe condition would arise, and therefore vigilant inspection of the floor was required. *Strack*, 35 Wis. 2d at 56-57, 150 N.W.2d at 363. There was no evidence that the store ever inspected the floor, despite policies requiring employees to check the floors every ten minutes and sweep at least once an hour. *Id.* at 56, 150 N.W.2d at 363.

The Wisconsin Supreme Court in *Megal* characterized *Strack* and *Steinhorst* as "a narrow class of cases where the method of merchandizing articles for sale to the public in the area where the harm occurred should have made that harm reasonably foreseeable at that location." *Megal*, 2004 WI 98, ¶18. It noted that it has "refused to impute constructive notice where the area where the harm occurred is not an area where the owner was merchandizing articles for sale to the public in a way that made the harm that occurred reasonably foreseeable." *Id.*; *see also Freeman v. Airgas-North Cent., Inc.*, 2012 WI App 40, 340 Wis. 2d 498, 812 N.W.2d 540, 2012 Wisc. App. LEXIS 120

(unpublished); *Toliver v. Potawatomi Bingo & Casino*, 2009 WI App 158, 321 Wis. 2d 748, 776 N.W.2d 100, 2009 Wisc. App. LEXIS 701 (unpublished).

Here, the hazard was not associated with the way in which Costco chose to merchandize articles for sale. Thus, the exception recognized in *Strack* and *Steinhorst* is inapplicable. Moreover, unlike in *Strack* and *Steinhorst*, Costco *did* inspect its store for hazards. The undisputed evidence is that Sorensen inspected the store every hour, and had inspected the spot where Sheila fell no more than fifteen minutes earlier. Sheila has not presented any evidence, such as the opinion of an expert, to create a question of fact as to whether Costco's methods for inspection were sufficient to make its store reasonably safe. *See Megal*, 2004 WI 98, ¶20 (noting that the plaintiff did not adduce any evidence "that the Arena is not as safe as the nature of the enterprise permits").

Sheila also argues that the court must deny Costco's motion because Costco failed to produce Carlas Mason, a mid-level Costco manager who is believed to have initialed Sheila's incident report, for a deposition. (ECF No. 48 at 5-6, 18-19; *see also* ECF No. 47, ¶ 22.) The Neuzerlings speculate that Mason might have seen or may know who saw the water on the floor before Sheila fell. Because Costco did not produce him for a deposition, the court should presume that his testimony would be favorable to the Neuzerlings. (ECF No. 48 at 18.)

The court finds no basis for such an inference. Costco asserts that Mason no longer works for Costco and his whereabouts are unknown. (ECF No. 52, ¶ 14.) As a

former Costco employee, the Neuzerlings have the same ability to track him down and compel him to appear for a deposition as does Costco. *See Kochanski v. Speedway SuperAmerica, LLC*, 2014 WI 72, ¶25, 356 Wis. 2d 1, 850 N.W.2d 160. The fact that Costco did not track him down for the Neuzerlings does not support a missing-witness inference against Costco any more than the Neuzerlings' failure to find him might support a missing witness inference against them.

Nor does the court draw any negative inference from Costco's alleged failure to provide the Neuzerlings with its policies and procedures for investigating customer injuries. (ECF No. 48 at 18-19.) If Costco failed to produce information that the Neuzerlings properly demanded, the proper procedure is to file a motion to compel its production. *See* Fed. R. Civ. P. 37(a)(3)(A). Only if such a motion is granted and a party still fails to comply may the court impose sanctions such as those the Neuzerlings seek. *See* Fed. R. Civ. P. 37(b)(2)(A). The Neuzerlings never filed a motion to compel.

In sum, Wisconsin's safe place statute does not require stores to monitor its floors with the sort of vigilance normally reserved for an NBA court—having a team of employees, towels in hand, always ready to run and wipe up any hint of moisture on the floor. *See, e.g., Bersch v. Holton St. State Bank*, 247 Wis. 261, 262-63, 19 N.W.2d 175, 175 (1945) (holding that, on a snowy day, a bank had no obligation to ensure its floor was kept perfectly dry). Rather, a store must be made "as safe as the nature of the enterprise permits." *Megal*, 2004 WI 98, ¶20. The undisputed evidence establishes that Costco

inspected its entire store for hazards every hour, and an employee had inspected the hallway no more than fifteen minutes before Sheila fell. In response to Costco's summary judgment motion, Sheila has failed to submit any evidence that these procedures were unreasonable or otherwise insufficient to make the store as safe as the nature of the enterprise permitted.

Because there is no evidence as to how long the water was on the floor or that Costco's procedures were insufficient, there is no evidentiary basis for a jury to find that Costco had constructive notice of the hazard. *Kochanski*, 2014 WI 72, ¶36 ("Speculation as to how long the unsafe condition existed and what reasonable inspection would entail are insufficient to establish constructive notice."). Costco is entitled to summary judgment on the second claim of the Neuzerlings' complaint.

### 3.2. Common Law Negligence

"[T]he safe place and common law standards of care address different types of negligence--the safe place statute addresses unsafe conditions and common law addresses negligent acts." *Gennrich*, 2010 WI App 117, ¶23. Thus, Sheila's negligence claim does not fail merely because her claim under the safe place statute failed. *Megal*, 2004 WI 98, ¶21. While the safe place statute requires the defendant to have constructive notice, a common law negligence claim requires merely that the defendant failed to exercise ordinary care. *Id.*, at ¶25. "A person is negligent if the person, without

intending to cause harm, either acts affirmatively or fails to act in a way that a reasonable person would recognize as creating an unreasonable risk of injury." *Id.*

"To establish a negligence claim, a plaintiff must prove: '(1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the injury.'" *Stroede v. Soc'y Ins.*, 2020 WI App 8, 390 Wis. 2d 817, 826, 939 N.W.2d 614, 618 (quoting *Smaxwell v. Bayard*, 2004 WI 101, ¶32, 274 Wis. 2d 278, 682 N.W.2d 923). "In order to grant summary judgment on a negligence claim, a court must be able to say that no properly instructed, reasonable jury could find based on the facts presented that the defendant failed to exercise ordinary care." *Nelson v. Johnson & Johnson*, No. 12-C-472, 2019 U.S. Dist. LEXIS 116858, at *14 (E.D. Wis. July 15, 2019) (quoting *Michaels v. Mr. Heater, Inc.*, 411 F. Supp. 2d 992, 1007 (W.D. Wis. 2006)); *see also Alvarado v. Sersch*, 2003 WI 55, ¶29, 262 Wis. 2d 74, 662 N.W.2d 350 (quoting *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶ 2, 241 Wis. 2d 804, 623 N.W.2d 751). "Such scenarios are uncommon, though not nonexistent." *Michaels*, 411 F. Supp. 2d at 1007; *see, e.g., Toliver*, 2009 WI App 158 (affirming directed verdict for defendant when plaintiff "did not present any evidence to substantiate her claim that [the defendant's] conduct on the date of her fall deviated from the applicable standard of care"); *Walczak v. Kum & Go, LC*, 2007 WI App 230, 306 Wis. 2d 127, 740 N.W.2d 902,

2007 Wisc. App. LEXIS 841 (unpublished) (affirming summary judgment in defendant's favor on plaintiff's safe place and common law negligence claims).

Costco argues that Sheila cannot prove it breached its duty of care because there is no evidence Costco knew there was water on the floor where she fell. It points to *Lundgren v. Gimbel Bros.*, 191 Wis. 521, 523, 210 N.W. 678, 679 (1927), and *Wallow v. Zupan*, 35 Wis. 2d 195, 200, 150 N.W.2d 329, 331 (1967), cases in which the Wisconsin Supreme Court held that a common law negligence claim requires that the defendant must have actual or constructive notice of the hazard.

Sheila argues in response that notice is not required following the Wisconsin Supreme Court's decision in *Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 2004 WI 98, 274 Wis. 2d 162, 682 N.W.2d 857. (ECF No. 48 at 23.) Costco replies by noting that, following *Megal*, the court of appeals in *Hendrix v. Secura Ins.*, 2020 WI App 10, 390 Wis. 2d 833, 939 N.W.2d 876, 2020 Wisc. App. LEXIS 45, relied on *Wallow* to conclude that, "to be held liable for negligence, [the defendant] must have had actual or constructive notice of the condition which caused the plaintiff's fall." (ECF No. 52 at 13 (quoting *Hendrix*, 2020 WI App 10).

However, *Hendrix* was an unpublished, nonprecedential decision of the court of appeals. *See* Wis. Stat. § 809.23(3). Although *Hendrix* was not the only case following *Megal* in which the court of appeals relied on *Wallow* to conclude that notice is required in a common law negligence action, *see Correa v. Woodman's Food Mkt.*, 2019 WI App 39,

388 Wis. 2d 257, 932 N.W.2d 188, 2019 Wisc. App. LEXIS 361 (unpublished) (quoting *Wallow v. Zupan*, 35 Wis. 2d 195, 200, 150 N.W.2d 329 (1967)) rev'd 2020 WI 43, 391 Wis. 2d 651, 943 N.W.2d 535, the court's reliance on *Wallow* appears inconsistent with the Wisconsin Supreme Court's holding in *Megal*, *see, e.g.*, *Hiser v. W. Bend Mut. Ins. Co.*, 2016 WI App 57, 370 Wis. 2d 788, 882 N.W.2d 871, 2016 Wisc. App. LEXIS 347 (unpublished) ("such notice is not a prerequisite to maintaining a common law negligence action"); *Crary v. PIC Wis. & Beaver Dam Cmty. Hosps., Inc.*, 2008 WI App 99, 312 Wis. 2d 812, 754 N.W.2d 255, 2008 Wisc. App. LEXIS 388 (unpublished) ("In this case, the circuit court concluded that a showing of actual or constructive notice was a necessary component of a common-law negligence claim. That ruling is inconsistent with Wisconsin negligence law.").

The court in *Megal* said, "Megal demonstrated no facts that could be used to show that the Bureau had constructive notice of the unsafe condition that caused her injury, as is necessary to establish a violation of the safe-place standard of care, but she may be able to show that the Bureau failed to exercise ordinary care." *Megal*, 2004 WI 98, ¶25. This statement makes clear that the Wisconsin Supreme Court held that actual or constructive notice of a hazard is not necessarily required for a defendant to be liable for a common law negligence claim. Thus, Sheila's common law negligence claim does not fail as a matter of law simply because Costco did not have notice of the hazard.

Having said that, a common law negligence claim requires proof that the defendant breached the duty of ordinary care, i.e., there was an action or inaction that a reasonable person would recognize as creating an unreasonable risk of injury. *Hoida, Inc. v. M&I Midstate Bank*, 2006 WI 69, ¶30, 291 Wis. 2d 283, 717 N.W.2d 17. "Ordinary care involves the concept of foreseeability, in that a reasonable person exercising ordinary care would have foreseen injury as a consequence of his act." *Id.* Thus, while the defendant need not have notice of the specific hazard, a risk of injury must nonetheless be foreseeable such that the defendant may recognize that its action or inaction creates an unreasonable risk of injury. In this regard, while not coextensive, there is overlap between the notice required in a safe place claim and the foreseeability of harm required in a common law negligence claim.

At the heart of any negligence claim is the question, "What did the defendant do or fail to do that was allegedly unreasonable?" Sheila argues, "Costco breached its duty to exercise ordinary care by failing to eliminate a dangerous condition that caused serious injury to Ms. Neuzerling." (ECF No. 48 at 19.) But Sheila does not articulate what specifically Costco should have done differently to eliminate that dangerous condition.

It is undisputed that every hour Costco inspected its entire store for hazards and that, no more than fifteen minutes earlier, Sorensen had checked the very area where Sheila fell. Sheila speculates that maybe the water was there but Sorensen missed it, in

which case Sorensen was negligent for having missed the water. But Sheila offers only speculation rather than evidence that could lead a jury to so find. In fact, Sorensen's testimony is corroborated by Sheila, who testified that she walked through the same area five to ten minutes before she fell and did not see any water. *Cf. Correa*, 2020 WI 43, ¶14 (discussing *Kaufman v. State St. Ltd. Pshp.*, 187 Wis. 2d 54, 56, 522 N.W.2d 249, 250 (Ct. App. 1994), and noting that plaintiff, who slipped on a banana in parking lot when she left a store, testified that she did not see the banana in the parking lot when she walked over the same area as she entered the store forty minutes earlier).

It is undisputed that Costco required all of its employees to immediately address any hazards they encountered. Sheila argues that the fact that, after the accident occurred, a Costco manager did not follow the company's usual practice regarding documenting accidents supports a conclusion that Costco employees did not follow standard procedures in identifying and addressing the hazard in the first place. (ECF No. 48 at 22.)

But a manager's failure to document an accident in accordance with Costco's standard procedures does not support the inference that Sorensen (or any other employee) failed to comply with Costco's standard procedures for addressing hazards. The policies and people involved are distinct. Moreover, Sheila has submitted absolutely no evidence that any Costco employee observed water on the floor, or even that an employee was in a position where she should have noticed water on the floor.

That leaves only rank speculation that an employee was negligent, which is not enough to sustain Sheila's negligence claim. *Correa*, 2020 WI 43, ¶16 ("Before the case may reach the jury, the plaintiff must present a quantum of evidence sufficient to render the eventual answer non-speculative.").

Sheila's argument is that Costco should have recognized and immediately cleaned up the water on the floor. Given that the water could have been deposited mere seconds before Sheila fell, that would amount to a requirement that Costco maintain constant sentry against any moisture on its floors. Not merely tasking every employee with addressing any spill they encounter, as Costco already did, and not merely having one of its employees make hourly checks of the entire store premises, as it already did, but to have employees maintain constant guard over the hallway. No reasonable jury could find that it was unreasonable for Costco to have not inspected the hallway in the fifteen minutes since Sorensen's inspection.

Based on the undisputed evidence, no reasonable finder of fact could conclude that Costco was negligent. Therefore, the court will grant Costco's motion for summary judgment as to the first count of the Neuzerlings' complaint.

### 3.3. Loss of Society, Companionship, and Consortium

Michael Neuzerling concedes that his "claim for loss of society, companionship and consortium of his wife is a derivative claim that attaches to the negligence claim against Costco." (ECF No. 48 at 25, fn 4.) Having concluded that Costco is entitled to

summary judgment with respect to Sheila's claims, it is likewise entitled to summary judgment with respect to Michael's claim. *See Finnegan v. Wis. Patients Comp. Fund*, 2003 WI 98, ¶28, 263 Wis. 2d 574, 666 N.W.2d 797.

**IT IS THEREFORE ORDERED** that Costco Wholesale Corporation's motion for summary judgment (ECF No. 42) is **granted**. The plaintiffs' complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 13th day of August, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge